UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NIKITA VAN GOFFNEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-733 |
| | § | |
| MARTHA D. KOOMER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Nikita Van Goffney, an inmate in the Texas Department of Criminal Justice (TDCJ), filed *pro se* this civil rights complaint under 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Docket No. 9.) This case is before the Court for screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). Based on its review of the complaint and supporting materials, the Court concludes that Plaintiff's claims must be dismissed as time-barred and failing to state a claim on which relief can be granted.

## I. BACKGROUND

Plaintiff's ninety-page, typed complaint names eighteen individual defendants, including various state judges, assistant district attorneys, court-appointed attorneys, court reporters, police officers, parole officers and former Texas Governor Rick Perry. The verbose and convoluted complaint describes a vague conspiracy going back more than a decade, involving multiple branches and levels of state government, to violate Plaintiff's civil rights and falsely imprison him.

Plaintiff states that he was targeted by Montgomery County officials because of a federal civil rights lawsuit he filed in this district in 2002 alleging that City of Conroe police officers--

including Officer Sauceda, the lead defendant here, assaulted and severely injured Plaintiff during a traffic stop in 2000. *See Goffney v. J. Sauceda*, Case No. 4:02-cv-2638 (S.D. Tex.-Houston, filed July 9, 2002.) The procedural history of that case has been extremely complicated and it remains pending to this day. In 2008, while facing indictment in Montgomery County on drug distribution and gun possession charges, Plaintiff filed a motion for injunctive relief in his 2002 civil suit, seeking to enjoin Montgomery County officials from bringing further criminal charges against Plaintiff on the ground that he was being maliciously prosecuted because of his civil rights lawsuit. (Cause No. 4:02-cv-2638, Docket No. 103.) Plaintiff's motion for injunctive relief was denied (Cause No. 4:02-cv-2638, Docket No. 106) and Plaintiff was subsequently indicted and convicted on the drug distribution and gun charges. Plaintiff's present lawsuit appears to be based on the same theories raised in his 2008 motion for injunctive relief in case number 4:02-cv-2638, namely, that he was the target of a conspiracy by Montgomery County law enforcement and other officials.

Plaintiff's present lawsuit begins by chronicling various mundane interactions with Montgomery County law enforcement officials subsequent to Plaintiff filing his 2002 civil suit. Plaintiff asserts that his problems with law enforcement escalated in 2005 when a police report was filed accusing Plaintiff of assaulting his wife while on parole. (Docket No. 1 at 18, ¶ 29) Plaintiff alleges that although no domestic violence charges resulted from this incident, it resulted in heightened scrutiny from various law enforcement agencies which eventually led to other criminal charges being wrongly brought against him, culminating in his prosecution on drug distribution and gun possession charges in 2008. (Id. at 24-30, ¶¶ 49-69.)

Plaintiff's present claims stem primarily from his 2008 prosecution for possession with intent to deliver or manufacture a controlled substance and possession of a firearm by a felon.

(Id. at 30-61, ¶¶ 70-129.)  Plaintiff was convicted in 2009 following a jury trial and was sentenced to ninety-nine years imprisonment on each charge.[1]  Plaintiff's present civil rights suit essentially alleges that everyone involved with this prosecution, including various state judges, assistant district attorneys, court-appointed attorneys, court reporters, police officers and parole officers, conspired to falsely convict Plaintiff.  Plaintiff further alleges that the state appellate courts and former Texas Governor Rick Perry wrongfully refused to intervene in the malicious criminal prosecution.  (Id. at 68-84, ¶¶ 146-187.)  According to state court records, the Texas Court of Criminal Appeals refused Plaintiff's petition for discretionary review of his 2008 criminal conviction on December 9, 2011.  *See* Texas Courts Website.[2]

Plaintiff's present civil rights Complaint identifies five federal causes of action including conspiracy to deprive Plaintiff of his civil rights, retaliation for exercising constitutional rights, denial of due process and equal protection of the laws, and denial of access to the courts. (Docket No. 1 at 85-88.)  Plaintiff also alleges a state law cause of action for tortious interference with business relationships.  The essence of Plaintiff's complaint is that he was harassed and mistreated by law enforcement, deprived of due process, falsely convicted, wrongly denied relief on appeal, and hindered in his efforts to obtain post-conviction relief in the state courts.  Plaintiff seeks a broad range of declaratory and injunctive relief, including invalidation of his conviction and confinement, punitive damages, attorney's fees and costs.  (Id. at 89.)

## II.  STANDARD OF REVIEW

Plaintiff's Complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to scrutinize claims in a civil action brought *in forma pauperis* by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous,

---

[1] http://www.search.txcourts.gov/Case.aspx?cn=PD-1143-11&coa=coscca (viewed Nov. 7, 2014).
[2] Id.

malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.§ 1915A(b). A reviewing court may dismiss a complaint for these reasons "at any time" "on its own motion or on the motion of a party" where the plaintiff proceeds *in forma pauperis*. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). A district court may also review on its own motion a civil action brought by a prisoner *in forma pauperis* for compliance with the relevant statute of limitations. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519 (1972). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678.

III.  DISCUSSION

A.  Statute of Limitations

In cases brought under 42 U.S.C. § 1983, federal courts apply the forum state's general personal injury limitations period, *Wallace v. Kato*, 549 U.S. 384, 386 (2007), and its coordinate tolling provisions. *Hardin v. Straub*, 490 U.S. 536 (1989). In Texas, the limitations period for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 2002). The accrual of a cause of action under § 1983, however, is determined by reference to federal law. *Wallace*, 549 U.S. at 388. Under federal standards, accrual occurs "when the plaintiff has a complete and present cause of action." *Id*. A plaintiff has "a complete and present cause of action" when "the plaintiff can file suit and obtain relief." *Id.*

A review of the Complaint in this case shows that Plaintiff knew or should have known of the relevant facts supporting his present claims well over two years before this lawsuit was filed. Plaintiff's Complaint was signed on March 18, 2014, and filed on March 21, 2014. (Docket No. 1.) However, the core of Plaintiff's complaint is an alleged conspiracy dating back to at least 2002 to wrongfully prosecute and convict Plaintiff on drug and weapons charges. (Id.) Public records show that Plaintiff was indicted on the allegedly trumped-up charges in 2008 and was convicted and sentenced in 2009. *See* Texas Courts website.[3] Moreover, Plaintiff's direct appeals from that conviction were completed in 2011 when his petition for discretionary review was refused. *Id*. Finally, Plaintiff's allegations show that, at the very latest, he became aware of the alleged conspiracy against him on July 23, 2010, when he received the court reporters' records from his criminal case and discovered discrepancies which he alleges "had been knowingly, intentionally, and deliberately done." (Docket No. 1 at 46.) Thus, Plaintiff cannot

---

[3] Id.

possibly show that he only became aware of the facts supporting his present claims less than two years before filing his complaint in this case. (Id.)

Because Plaintiff's allegations show that he had sufficient information to know that he had a complete and present cause of action on which he could have filed suit and obtained relief by 2011 at the latest, his claims are now untimely under the applicable two-year limitations period. Thus, Plaintiff's claims must be dismissed as time-barred under the two-year limitations period applicable to 42 U.S.C. § 1983 brought in the State of Texas.

B. *Heck* Bar

In addition to being time-barred, Plaintiff's claims for monetary damages and equitable relief are also barred under the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* bars any cause of action under § 1983, regardless of the type of relief sought, that would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the conviction has previously been invalidated through proper channels. *Id.*; *Kutzner v. Montgomery County*, 303 F.3d 339, 340 (5th Cir. 2002). Thus, before a plaintiff can pursue a claim for damages arising from allegedly unlawful actions which, if proven, would also show the plaintiff's conviction or sentence to be invalid, the plaintiff must first show that his conviction or sentence has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

Here, Plaintiff's claims are inextricably linked to the legality of his present sentence and confinement. The gravamen of Plaintiff's entire ninety-page complaint is that his conviction and sentence for drug distribution and gun possession resulted from a conspiracy among law enforcement, prosecutors, judges and others to wrongly convicting and imprison him. Plaintiff further contends that the state courts participated in this conspiracy by falsifying trial records and failing to overturn his conviction or sentence through the appeals and post-conviction writ

process. Thus, it is apparent that a judgment favorable to Plaintiff on his present civil rights claims would necessarily imply the invalidity of his conviction and sentence. However, because Plaintiff has not shown that his conviction has already been overturned or invalidated through proper channels, his present civil rights claims are barred by *Heck.*

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** that:

1. Plaintiff's complaint is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.
2. All pending motions in this case, if any, are DENIED.

The Clerk is directed to provide a copy of this order to Plaintiff. The Clerk will also send a copy by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, this 5th day of February, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE